514 P.2d 714

**CITY OF TUCSON, a municipal corporation, Petitioner,**

v.

**Honorable Ben C. BIRDSALL, Chief Judge of the Pima County Superior Court; and Edna Blank, Court Administrator of the Pima County Superior Court, Respondents.**

No. 11290.

Supreme Court of Arizona, In Banc.

Oct. 3, 1973.

Herbert E. Williams, Tucson City Atty., Tucson, for petitioner.

Dennis DeConcini, Pima County Atty., John R. Neubauer, Howard Baldwin, Deputy County Attys., Tucson, for respondents.

LOCKWOOD, Justice:

This is a special action in the nature of an application for a writ of mandamus re-quiring Judge Ben C. Birdsall, Presiding Judge in Pima County, to assign to the Honorable Ruskin Lines, Cause No. 128832, Pima County, for hearing, pursuant to R.C.P. 42(f)(1)(F), 16 A.R.S. with the application they filed an acceptance by Judge Ruskin Lines. There were originally six causes consolidated and named in No. 128832 but three are no longer involved.

The City of Tucson filed a motion for summary judgment claiming that the magazines in question were obscene "as a matter of law". The matters were continued several times, awaiting the United States Supreme Court decisions. When the case was assigned for argument on summary judgment and prior to any legal decision being made in the cases, a notice of change of judge was promptly filed in each of the consolidated cases indicating agreement among counsel that the case be assigned to Judge Lines. A consent to have the matter assigned to him was signed and filed by Judge Lines. Thereafter, Judge Birdsall entered the following order:

"Court having taken under advisement the reassignment of all pending matters in the above entitled causes of action following a request for change of judge.

"IT IS ORDERED that the matter is referred back to the Court Administrator to assign all pending matters to a Judge of the Superior Court in Pima County, other than Judge Lawrence W. Galligan, and for the purpose of setting a date for Hearing."

A conference was held with Judge Birdsall to request that he reconsider his ruling. As a result of said conference Judge Birdsall thereafter entered the following minute entry:

"The City Attorney, counsel for the plaintiff appearing before the Court on July 20, 1973 and advising that the plaintiff and defendants, by their counsel, Joseph H. Soble had stipulated to the permanent assignment of the within cases to Honorable Ruskin Lines, Judge of the Superior Court in and for Graham County and requesting that this Court as

Presiding Judge order such permanent assignment of the cases and it appearing to the Court upon review of the files that these are not cases which should be permanently assigned to one Judge and it further appearing that no permanent request had been made of this Court to obtain the services of a Judge from outside of Pima County and it further appearing that these are cases which can be assigned to any available local Superior Court Judge, except Hon. Lawrence Galligan, a request for change of Judge having been made as to Judge Galligan.

"IT IS HEREBY ORDERED that all pending Motions be set for Hearing on MONDAY, JULY 30, 1973 at 9:00 A.M. on the regular Motion Calendar before an available Judge of this Court other than Judge Lawrence Galligan."

This Special Action is brought to compel Judge Birdsall, Presiding Judge in Pima County to comply with Rule 42(f)(1)(F) and to assign the case for further hearings to Judge Ruskin Lines. While we are not unmindful of the budgetary problems raised in Pima County when numerous out-of-county judges are assigned to hear matters arising in Pima County, nevertheless, we are constrained to hold that the Rule is clear and unambiguous. It reads:

"(F) *Assignment of action.* After a notice of change of judge is timely filed, the parties shall inform the court in writing if they have agreed upon a judge who is available and is willing to have the action assigned to him. An agreement of all parties upon such a judge *shall be honored and shall preclude further changes of judge as a matter or right* unless the judge agreed upon becomes unavailable. If, at the end of ten days, or before the time set for trial, whichever comes first, no judge has been agreed upon, then the presiding judge or another judge appointed by the presiding judge regularly to handle such duties shall reassign the action. If a second notice of change of judge is timely filed by a party entitled to do so, the judge who made the assignment shall convene a conference which attorneys for all parties shall attend. At the conference an assignment of the action shall be made to the judge to whom the objections of the parties are least applicable. No further notices of change of judge shall be permitted without court order." (Emphasis added.)

The language is that "an agreement of all parties upon such a judge *shall be honored and shall preclude further changes of judge as a matter of right* unless the judge agreed upon becomes unavailable." Judge Lines was agreed upon and signified his acceptance of availability. The language is mandatory, and therefore Judge Birdsall has no discretion but to honor it. Therefore, it is ordered that the Honorable Ben C. Birdsall make and enter his order assigning the matter to the Honorable Ruskin Lines.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.